**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

IN RE:                                                                 CASE: 22-10096-JGR

EUGENIO E PIZARRO                                          CHAPTER 13

**Debtor**

---

**TRUSTEE'S OBJECTION TO AMENDED PLAN**

---

    Douglas B. Kiel, Chapter 13 Trustee, hereby files his Objection to Confirmation of Chapter 13 Plan and as grounds therefor states as follows:

    1.  Line 5 of Form 122C-1 ordinary and necessary operating expenses should be $0 (business expenses must be deducted on Form 122C-2). 11 U.S.C. § 1325(b)(2)(B), (b)(4); *Drummond v. Wiegand (In re Weigand)*, 386 B.R. 238 (B.A.P. 9th Cir. 2008). Therefore, the applicable commitment period is 5 years and Part 2.5 of the plan should be corrected.

    2.  Trustee is unable to determine if the applicable commitment period is 3 or 5 years and if the plan fully provides for the minimum distribution to Class Four claims as required by Form 122C-2. 11 U.S.C. § 1325(b)(1)-(4). Trustee requests documentation supporting the marital adjustment taken on Line 13 of 122C-1.

    3.  The plan does not meet the "best interest of creditors test." 11 U.S.C. § 1325(a)(4). Debtors have taken a a homestead exemption in the liquidation section of the plan that is not available to them. The plan is not paying class IV creditors what they would have received in a chapter 7.

    4.  Debtors may not be contributing all projected disposable income to plan payments and the plan may not be proposed in good faith. 11 U.S.C. § 1325(a)(3), (b)(1). Amended Schedule J (Docket No. 26) includes expenses which may be excessive and not reasonably necessary for the maintenance or support of Debtors or a dependent including $239 for a motorcycle, and $1,671 for the non-filing spouse's credit card debt. The amended Schedule J significantly increased the monthly expenses of the household of 3 to an amount that is far above the average for that household size, while the amended plan significantly decreases the amount of funds payable to the debtor's class IV creditors.

    5.  The plan cannot be administered as written. Part 4.1.A Lists the plan duration at 60 months but the Part 4.1.B lists 38 months of payments.

    The Trustee reserves the right to amend his objection and to report on the Debtor's payment history at the hearing on his Objection.

WHEREFORE, the Chapter 13 Trustee requests that the Court deny confirmation in the above-captioned matter and dismiss or convert the proceeding pursuant to 11 U.S.C. § 1307.

Dated: May 10, 2022                                   Respectfully submitted,

/s/ William R. Evans
William R. Evans, #36396
Attorney For Douglas B. Kiel, Chapter 13 Trustee
7100 E Belleview Ave, Suite 300
Greenwood Village, Co 80111
(720)398-4444
wevans@denver13.com

CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above Trustee's Objection to Amended Plan was placed in the U.S. Mail, postage prepaid, on May 10, 2022, addressed as follows:

EUGENIO E PIZARRO
318 BLUE MOUNTAIN DR
FLORISSANT, CO  80816

Notice by Electronic Transmission was sent to the following persons/parties:

THE LAW OFFICE OF STEPHEN H SWIFT PC

/s/ Elizabeth Edlen
staff for Douglas B. Kiel, Chapter 13 Trustee